UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN HARDEN,

        Petitioner,                         Case No. 22-cv-12261

v.                                                    Hon. Mark A. Goldsmith

JEFF TANNER,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Justin Harden, a prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (Dkt. 1). He challenges his convictions for one count of delivery and manufacturing of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(i); one count of receiving and concealing a stolen firearm, Mich. Comp. Laws § 750.535b; one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and three counts of felony firearm, Mich. Comp. Laws § 750.227b. Id.

For the reasons explained below, the Court denies the petition as time-barred. The Court denies a certificate of appealability, and grants Petitioner leave to proceed on appeal in forma pauperis (IFP).

---

[1] The proper respondent in a habeas case is the custodian of the facility where the petitioner is incarcerated. See Rule 2(a), Rules Governing Section 2254 Cases. Thus, the Court substitutes Jeff Tanner, the warden at the facility where Petitioner is presently incarcerated, as the Respondent.

## I. BACKGROUND

On November 5, 2008, Petitioner pleaded guilty in Oakland County Circuit Court to the offenses listed above. See Guilty Plea Tr. (Dkt. 4). In what is known as a Cobbs agreement, the trial court agreed to cap Petitioner's minimum sentence at the bottom third of his minimum guidelines range.[2] Id. at PageID.396–397.

On November 24, 2008, Petitioner was sentenced, in relevant part, to 18 to 50 years for controlled delivery/manufacture of a controlled substance, "34 months to 20 months" for receiving and concealing a stolen firearm, 34 months to 10 years for carrying a concealed weapon, and 34 months to 10 years for being a felon in possession. See Sentencing Hr'g Tr., at PageID.416 (Dkt. 7-5). A few days later, an amended judgment of sentence was docketed, correcting the maximum sentence for receiving and concealing a stolen firearm from "34 months to 20 months" to "34 months to 20 years." Pet. at PageID.35, 46-47 (Dkt. 1).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the following claims: (i) the case should be remanded for Petitioner to receive specific performance of the plea agreement, (ii) Petitioner should be permitted to withdraw the plea because it was involuntary, and (iii) the trial court improperly enhanced Petitioner's sentence based on judge-found facts. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Harden, No. 292744 (Mich. Ct. App. Sept. 9, 2009), PageID.435 (Dkt. 7-7). The Michigan Supreme Court also denied leave to appeal on January 29, 2010. People v. Harden, 780 N.W.2d 753 (Mich. 2010) (mem.).

---

[2] In People v. Cobbs, 505 N.W. 2d 408 (1993), the Michigan Supreme Court authorized a plea agreement by which a judge indicates a preliminary non-binding sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea.

In 2019, Petitioner filed a motion to vacate the amended judgment of sentence in the trial court wherein he sought to correct clerical errors. See Mot. to Correct Clerical Errors Hr'g Tr. (Dkt. 7-6). The trial court denied the motion. Id.

In February 2020, Petitioner filed several motions in the trial court: (i) motion to award jail credit for time served, (ii) motion to impose the amended sentence on-the-record in Petitioner's presence, (iii) motion to vacate amended judgment of sentence, and (iv) motion to reissue amended judgment of sentence. Mot. PageID.712 (Dkt. 7-11). The trial court issued a second amended judgment of sentence on March 4, 2020, granting Petitioner one additional day of jail credit. Pet. at PageID.28–29. All remaining motions were denied. Id. at PageID.32.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Harden, No. 355486 (Mich. Ct. App. Feb. 11, 2021), at PageID.671 (Dkt. 7-11). The Michigan Supreme Court also denied leave to appeal on October 8, 2021. People v. Harden, 964 N.W.2d 591 (Mich. 2021) (mem).

Petitioner filed his habeas petition on September 23, 2022. The petition raises the following claims: (i) the amended judgment of sentence violates People v. Comer, 901 N.W.2d 553 (Mich. 2018), (ii) the trial court violated Petitioner's right to be present at sentencing when it issued an amended judgment of sentence correcting his sentence for receiving and concealing a stolen firearm from 34 months to 20 months to 34 months to 20 years, (iii) Petitioner should be permitted to withdraw his plea, which was induced by the prosecution's unfulfilled promise, and (iv) constructive denial of counsel.

Respondent filed an answer arguing that the petition is time-barred, and his claims are meritless. Answer (Dkt. 6). Petitioner subsequently moved for an enlargement of time to file a

3

reply brief. Mot. for Ext. (Dkt. 8). The Court granted Petitioner an enlargement of 60 days, but he has not filed a reply brief. See 3/27/24 O. (Dkt. 9).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the habeas corpus statute to impose a statute of limitations for habeas actions. Title 28 U.S.C. § 2244(d) sets a one-year statute of limitations on petitions seeking habeas relief. It states, in relevant part, that the one-year period "shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

## III. ANALYSIS

Respondent asserts that the petition was not timely filed. Answer. Title 28 U.S.C. § 2244(d)(1)(A) states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must ascertain when Petitioner's conviction became "final." 28 U.S.C. § 2244(d)(1); Wilberger v. Carter, 35 F. App'x 111, 115 (6th Cir. 2002). A state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever is later. See id. at 114.

Petitioner appealed his convictions first to the Michigan Court of Appeals and then to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on January 29, 2010. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on April 29, 2010, when the time for seeking certiorari expired. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition

4

for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. Id. at 285.

Accordingly, Petitioner's limitations period commenced on April 30, 2010, and continued to run until it expired one year later, on April 30, 2011.[3] His habeas petition was filed on September 23, 2022, over eleven years after the limitations period expired.

Petitioner contends that his conviction did not become final in 2010. Instead, he maintains that the amended judgment of sentence issued on March 4, 2020, restarted the limitations period. A "full resentencing" constitutes a "new 'judgment' that restarts § 2244(d)(1)'s timeclock." Freeman v. Wainwright, 959 F.3d 226, 229 (6th Cir. 2020). A "limited resentencing" which results in "'[a] new, worse-than-before sentence ... amounts to a new judgment.'" Id. (quoting Crangle v. Kelly, 838 F.3d 673, 677 (6th Cir. 2016)). In contrast, a limited resentencing that benefits a prisoner "'do[es] not disturb the underlying initial judgment, which continues to constitute a final judgment.'" Id. at 230 (quoting Crangle, 838 F.3d at 678).

The March 4, 2020 amended judgment of sentence in this case gave Petitioner one additional day of credit for time served in jail. The amended judgment did not restart § 2244(d)(1)'s limitations period because it was a limited resentencing which benefitted Petitioner. The petition is, therefore, untimely.

---

[3] Petitioner's several post-conviction motions filed in the trial court did not toll the limitations period. The earliest of the state court motions was filed on November 1, 2019, over eight years after the limitations period already expired. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it). The motion did not toll the already-expired limitations period.

5

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 649 (quoting Pace, 544 U.S. at 418). Petitioner does not allege any facts or circumstances that would support the application of equitable tolling. See Giles v. Wolfenbarger, 239 F. App'x 145, 147 (6th Cir. 2007).

Additionally, actual innocence may "serve[] as a gateway through which a petitioner may pass" when his petition is time-barred. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence−whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence−that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner makes no attempt to support an actual innocence claim and, in any event, any such claim would be undermined by his guilty plea. See Davis v. Floyd, No. 22-1478, 2022 WL 17347877, at *2 (6th Cir. Oct. 4, 2022).

Equitable tolling is not warranted, and the petition is untimely. The Court dismisses the petition as time-barred.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court declines to issue Petitioner a COA because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period.

## V.  ORDER

For the reasons set forth above, the Court denies the petition for writ of habeas corpus and declines to issue a certificate of appealability.

The Court grants Petitioner leave to proceed in forma pauperis on appeal because an appeal could be taken in good faith. See Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated: September 29, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager